UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE TYRONE STEWART, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3742** |
| **ORLEANS PARISH CRIMINAL SHERIFF'S DEPARTMENT, ET AL.** | **SECTION "I" (1)** |

## ORDER AND REASONS

Plaintiff, Clarence Tyrone Stewart, Jr., filed this civil action against the Orleans Parish Criminal Sheriff's Department, Bonita Pittman, and Cynthia Golini. Plaintiff claims that he was assaulted by two inmates on the orders of Pittman and Lt. Bell.[1]

The Orleans Parish Criminal Sheriff's Department has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[2] Plaintiff has opposed that motion.[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for

---

[1] Bell is not a defendant in this lawsuit.

[2] Rec. Doc. 11.

[3] Rec. Doc. 16.

[4] Rec. Doc. 20.

expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion,

> [t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S.Ct. 1230 and 1231 (2008).

The Orleans Parish Criminal Sheriff's Department argues that the claims against it must be dismissed because a parish sheriff's office is not a legal entity capable of being sued. The Department is correct. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by the Orleans Parish Criminal Sheriff's Department is **GRANTED** and the claims against that defendant are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-seventh day of August, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**