UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLARENCE TYRONE STEWART, JR.                    CIVIL ACTION

VERSUS                                           NO. 08-3742

ORLEANS PARISH CRIMINAL                          SECTION "I" (1)
SHERIFF DEPARTMENT

**ORDER AND REASONS**

Plaintiff, Clarence Tyrone Stewart, Jr., filed this civil action against the Orleans Parish Criminal Sheriff's Department, Bonita Pittman, and Cynthia Golini. Plaintiff claims that he was assaulted by two inmates on the orders of Pittman and Lt. Bell.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

On August 27, 2008, the claims against the Orleans Parish Criminal Sheriff's Department were dismissed with prejudice because a parish sheriff's office is not a legal entity capable of being sued. Rec. Doc. 21. The remaining defendants, Pittman and Golini, have now filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[3] Plaintiff has opposed that motion.[4]

In reviewing such a motion, the Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the

---

[1]   Bell is not a defendant in this lawsuit.

[2]   Rec. Doc. 20.

[3]   Rec. Doc. 31.

[4]   Rec. Doc. 45.

district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).

In the complaint, plaintiff states his claim as follows:

> In the month of June of 2008 I was brutally beaten by two inmates after Mrs. Pittman and Lt. Bell came on the tier to inspect the tier. Mrs. Pittman and Lt. Bell then informed those inmates to beat me because I filed a grievance about them placing my life in danger by confining me in the cell with Antoine Berrier. Mr. Berrier is listed in the prison and police computer as being one of my enemies. This is the reason why they had me physically assaulted, which is due to the grievance I filed.[5]

In connection with the motion for summary judgment, defendant Pittman submitted an affidavit in which she states that "[s]he did not order other inmate(s) to physically assault or injure the plaintiff, nor did she confine the plaintiff in a cell with other inmate(s) so as to allow them to cause such harm to the plaintiff."[6]  She further opines in her motion that "plaintiff does not claim that he has personal knowledge of this fact [that she ordered the beating], and he does not offer

---

[5] Rec. Doc. 3, p. 3.

[6] Rec. Doc. 31, Exhibit B.

evidence of how he learned of this fact."[7] While that is technically accurate, the inference reasonably drawn from the statement of plaintiff's claim in the complaint is that he overheard Pittman tell the inmates to beat him. In light of the fact that plaintiff's *pro se* complaint must be liberally construed,[8] and the fact that a plaintiff's factual allegations in a verified complaint are competent summary judgment evidence,[9] the Court finds that a genuine issue of material fact exists as to whether Pittman ordered the assault. Accordingly, based on the record before it, the Court is unwilling to grant summary judgment in favor of Pittman and will allow that claim to proceed to trial. If plaintiff testifies at trial that he in fact overheard the order, then the issue is one of credibility. If, on the other hand, he testifies that he did not overhear the order but learned of it by other means, then he must be able to produce admissible evidence to show the basis for his knowledge and prove his claim by a preponderance of the evidence.

As to defendant Golini, however, summary judgment is appropriate. There is no allegation that Golini had any involvement whatsoever in the beating, which is the only incident at issue in this lawsuit.

That said, defendants generously construe the claim against Golini as an access-to-courts claim, noting that, in the section of the complaint addressing the issue of exhaustion, plaintiff states that "several mail deputies are delaying the [complaint] process ...."[10] However, even if the Court

---

[7] Rec. Doc. 31, Memorandum in Support of Motion for Summary Judgment, p. 3.

[8] See, e.g., Nerren v. Livingston Police Department, 86 F.3d 469, 472 (5th Cir. 1996).

[9] See, e.g., Hart v. Hairston, 343 F.3d 762, 765 (5th Cir. 2003).

[10] Rec. Doc. 3, p. 2.

accepts that interpretation of plaintiff's claim against Golini, the claim nevertheless still fails for the following reasons.

First, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, plaintiff has not alleged that Golini had any personal involvement in the handling of his mail; in fact, plaintiff has made *no allegations whatsoever* against Golini. Although she appears to be the mailroom supervisor, that fact alone is insufficient to render her liable under any theory of strict liability[11] or vicarious liability[12] for federal civil rights violations allegedly committed by her subordinates.

Second, in any event, a inmate's right of access to the courts "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). Here, that right has not been infringed and plaintiff has suffered no injury, because he was in fact able to file his complaint

---

[11] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[12] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

with this Court and his claims are now receiving consideration on the merits.  See Petty v. Kelly, No. 02-41231, 2003 WL 21756716 (5th Cir. June 24, 2003) (finding no access-to-courts violation where inmate "was able to file the complaint that he sought to file"); Mann v. Smith, 796 F.2d 79, 84 (5th Cir. 1986) (noting that inmate "himself proved in an irrefutable manner that he was able to file a legally sufficient complaint:  by doing so").[13]  Because plaintiff's position as a litigant was not prejudiced by the alleged mail tampering, the tampering, even if it occurred, fails to rise to the level of a constitutional violation.  Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment is **DENIED IN PART AND GRANTED IN PART**.  **IT IS ORDERED** that the motion is **DENIED** with respect to defendant Pittman.  **IT IS ORDERED** that the motion is **GRANTED** with respect to Cynthia Golini and the claims against that defendant are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this fifteenth day of October, 2008.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] The Court further notes that plaintiff was also able to file in this Court a second complaint which remains pending.  Clarence Tyrone Stewart, Jr. v. Criminal District Court of Louisiana, Civ. Action No. 08-3731 (E.D. La.).